## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DORIS TEITEL, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03-3370-CV-S-FJG |
| | ) | |
| MESQUITE CHARLIE'S OF | ) | |
| BRANSON, INC., et al., | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Pending before the Court are (1) Plaintiffs' Motion for Interlocutory Order of Default and Judgment against all remaining defendants except defendant Angela Gray (Doc. No. 32); and (2) Plaintiffs' Motion for Interlocutory Order of Default and Judgment against defendant Angela Gray (Doc. No. 50).

The Court ordered these defendants to show cause in writing why default should not be entered against them (Doc. No. 51). On July 28, 2005, defendants' counsel filed a response to the order to show cause (Doc. No. 61), noting that defendants (both the individuals and the Pensacola business) suffered substantial economic losses due to Hurricane Ivan in September 2004. Defendants represent that they were unable to afford retainers for Missouri counsel during that time for representation in this matter, and that was the reason why the defendant corporations were attempting to proceed pro se in this matter. Defendants further detail the efforts they undertook in order to attempt to file answers with this Court, and indicate that they were under the mistaken belief that those attempted answers were sufficient. Finally, defendants have filed a Joint Answer (Doc. No. 62), and state that they have meritorious defenses to the allegations in the first amended

complaint.

Entries of default judgment are governed by Fed. R. Civ. P. 55. A party is not entitled to a default judgment as a matter of right; instead, a decision to grant a motion for default judgment "calls for the exercise by the Court of a sound judicial discretion." In re Howell Enterprises, Inc., 99 B.R. 413, 415 (E.D. Ark. 1989) (citing Louisiana Farmers Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America, 83 F.Supp. 646, 654 (E.D. Ark. 1949)). The entry of default judgment should be a "rare judicial act." Comisky v. JFTJ Corporation, 989 F.2d 1007, 1009 (8th Cir. 1993). Default judgment for failure to defend is appropriate if the conduct of the nonmoving party is willful, contumacious or intentional. Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).

The Court finds that the facts cited above from defendants' response to the Court's order to show cause demonstrate that defendants' actions were not willful, contumacious or intentional such that default judgment is mandated. Furthermore, the Court will treat defendants' response to the order to show cause as a motion for leave to file their answer out of time, and **GRANTS** same. Defendants' joint answer (Doc. No. 62) will be treated as timely-filed.

Accordingly, it is hereby **ORDERED** that plaintiffs' motions for default judgment (Doc. Nos. 32 and 50) are **DENIED**.

**IT IS SO ORDERED.**

      /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: September 7, 2005.
Kansas City, Missouri.